In re Fronie Estelle SCOTT, Debtor.

Bankruptcy No. B86–2553.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Sept. 17, 1987.

David H. Drucker, Cleveland, Ohio, for debtor.

Craig E. Willis, Cleveland, Ohio, for creditor.

Myron E. Wasserman, Cleveland, Ohio, Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH . BAXTER, Bankruptcy Judge.

The movant, Mary Cardwell (Cardwell), is a judgment creditor in the above-styled case and seeks revocation of the Court's order confirming the Debtor's plan. Upon due notice made on all parties entitled thereto, an evidentiary hearing was held. In reaching a determination of this matter, the Court has examined the related pleadings, the entirety of the Debtor's files and has reviewed the testimony and other evidence adduced during the course of the evidentiary hearing. Pursuant to Rule 7052, Bankruptcy Rules, the following constitutes the Court's findings and conclusions:

This is a core proceeding wherein Cardwell seeks a revocation of the Debtor's confirmed plan under 11 U.S.C. § 1330. A review of the record reveals that the Debtor, Fronie Estelle Scott, caused to be filed her Chapter 13 petition on August 20, 1986. On February 19, 1987, her plan was confirmed. Subsequently, on April 21, 1987, Cardwell unsuccessfully objected to confirmation of the plan and, on July 15, 1987, filed the instant motion seeking revocation.

*Inter alia,* Cardwell alleges she received no notice of the confirmation hearing although the Debtor, as her former tenant, had actual knowledge of her mailing address. Further, Cardwell alleges that the Debtor has perpetrated a fraud upon the Court by failing to list certain known creditors, deliberately failing to provide the Court with required addresses and aliases used during the past six-year period, and utilizing multiple Social Security account numbers in various bankruptcy filings. For the totality of these allegations, Cardwell seeks revocation of the order confirming Debtor's plan.

Section 1330, 11 U.S.C. § 1330, addresses the revocation of an order of confirmation. Therein, the following is provided:

(a) On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 ... and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

(b) If the court revokes an order of confirmation under subsection (a) of this section, the court shall dispose of the case under section 1307 ... unless, within the time fixed by the court, the debtor proposes and the court confirms a modification of the plan under section 1329 of this title [11 U.S.C. 1329]. 11 U.S.C. § 1330.

In view of the above requirements of § 1330, it is necessary for the Court to review the total record to discern whether the confirming order was procured by fraud. As § 1330 is silent as to a definition of fraud, other grounds are sufficiently available for the Court's determination of the matter at bar.

*Record Entries:*

 Applying the above criteria to the facts of the matter at bar, it is initially noted that the present Chapter 13 filing is not the first bankruptcy case for the Debtor. The Debtor testified that she had two previous bankruptcies, one Chapter 13 and one Chapter 7, which resulted in discharges. In 1981, Debtor filed a Chapter 7 petition (B81–1635) under the name of Fronia Scott, with stated aliases of Fronnie

nia Scott, Forina Scott, and Phronnia Scott. The Social Security account number (SSAN) used by the Debtor in that case was 418–98–9805. That case resulted in a discharge on September 11, 1981. Her address, during that filing, was stated as being 3460 E. 116th Street, Cleveland, Ohio.

Again, in 1983, the Debtor sought relief in bankruptcy by filing a Chapter 13 petition (B83–0521). In that case, her name was stated as being Phronnie Scott, with an alias of Frances Scott. Therein, her SSAN was stated as being 419–62–9622. Her Chapter 13 Statement in that 1983 case reflected that she had been employed at Eliza Jennings Nursing Home in Cleveland, Ohio for four years as a nursing assistant. At that time, her permanent address was listed as being 10219 Eliot.

The Debtor's present case was filed under Chapter 13 on August 20, 1986 (B86–2553). Herein, her name was stated as being Fronie Estelle Scott, with a SSAN of 419–62–9622. Contrary to representations in her 1981 and 1983 cases, Debtor's present case indicates she has not used or been known by other names during the six-year period prepetition. (See, Official Form No. 7.) Additionally, and contrary to averments in her petition that she has lived at her current address for five years, the Debtor's testimony revealed that she has resided at several addresses during the past five-year period. Further, the Record of Examination reflects that the Debtor has been employed at Eliza Jennings for twelve years; however, her Chapter 13 Statement indicates she has been employed by that employer for seven years. This employment period clearly conflicts with other information in this case and with the employment data provided by Debtor in the 1983 case where she indicated at that time she had been employed for four years.

*Testimony:*

During cross-examination the Debtor testified that she had worked for the same employer (Eliza Jennings Home) initially in 1968 but continuously since 1979, which further conflicts with the employment his-

tory stated above.[1] Debtor also testified that her SSAN is 419–62–9622, the SSAN used in her present case and in her 1983 case, but different from the SSAN 418–98–9805 used in her 1981 bankruptcy. She explained the latter SSAN as being one that was previously given to her by her mother.

Debtor's testimony further revealed that she has resided in at least five residences during the past five-year period, contrary to data stated in her present Chapter 13 petition. Further, and contrary to the Court's records, Debtor testified that she had filed only one previous bankruptcy case which was a Chapter 7 case. Further, upon inquiry, Debtor stated no particular reason for using different aliases. The testimony revealed that Debtor has used the following names: Fronnie, Frances, Phronnia, Fronia, and Frances Estelle.

■ In view of the aforementioned record findings and the Debtor's own testimony, it is quite obvious that the Debtor has perpetrated a fraud upon the Court. The information provided by a debtor in the several petition documents should not only be complete but truthful so that the Court and other parties in interest can reasonably rely upon the data contained therein. The Plaintiff, Cardwell, has more than adequately met her burden of proof by clear and convincing evidence by establishing an intent by the Debtor to commit a fraud upon the court. The allegations of Cardwell have not been rebutted.

■ Where the same debtor knowingly uses different Social Security numbers in different bankruptcy cases, such is *prima facie* fraudulent conduct. Further, where a debtor acknowledges the use of certain aliases in one bankruptcy filing but not in other bankruptcy filings, such conduct is likewise tantamount to fraudulent conduct and effectively serves to frustrate and hinder the efforts of creditors to identify the debtor and file timely claims against the debtor's estate. Herein, not only has the Debtor used a SSAN different from the one used in a previous bankruptcy, she has

additionally used a different alias which was not reported in her 1983 bankruptcy. Where aliases are used and are acknowledged by a debtor, the same aliases are to be reflected in all subsequent bankruptcy filings to facilitate the Court's and creditors' identification of the Debtor. Debtor indicated on her present Statement Of Financial Affairs (Official Form No. 7), at Number 1(b), that she had not used, or been known by, any other names within the six (6) years immediately preceding the filing of her petition. That representation was false and was not only contradicted by the Debtor's testimony, but also by the representations in her 1981 and 1983 filings which indicated she used numerous aliases. Moreover, the Debtor, at Number 1(d) of her Statement Of Financial Affairs, indicated that the only other location at which she had resided within the six-year period preceding her petition was that of 10618 Dupont, Cleveland, Ohio 44108. A review of her testimony reveals the Debtor presently lives at 2224 West 85th Street in Cleveland. Her address at the time of her present bankruptcy filing was given as 996 Ida Avenue, Cleveland, Ohio. Debtor's testimony revealed that, within the subject six-year period, she has resided at five other addresses in the City of Cleveland. Interestingly, her testimony did not mention the 10618 Dupont address. The failure of the Debtor to provide all of her previous residences as requested on the Statement Of Financial Affairs (Official Form No. 7) evidences a clear intent on her part, *inter alia*, to conceal her identity to the Court and creditors. Such conduct on her part was fraudulent.

As articulated by the Seventh Circuit: There is no general rule for determining what facts will constitute fraud, but it is to be found or not according to the special facts of each particular case. It is rarely susceptible of direct proof, but must ordinarily be established by circumstantial evidence and legitimate inferences arising therefrom, which, taken as a whole, will show the fraudulent intent or purpose with which the party acted.

---

1. Debtor testified that her employer, Eliza Jennings Home, is also known as Laub Pavillion.

*Connolly v. Gishwiller*, 162 F.2d 428, 433 (7th Cir.1947). *See, also, In re Edwards*, 67 B.R. 1008, 1010 (Bankr.D. Conn.1986).

The facts relevant herein leave no doubt that Debtor's misrepresentations and omissions were purposefully made to prevent certain of the Debtor's creditors from filing claims against her estate. No honest intent is found for those acts.

In summary, the Debtor's representations were knowingly false and were made with an intent to defraud the Court and other parties in interest relying on those representations. The Court's previous order denying Cardwell's objection to confirmation is hereby vacated and such objection to confirmation is sustained. Cardwell's request to revoke confirmation was made within the 180–day period following the entry of the Court's confirmation order, as required by § 1330(a), and the confirmation was procured by fraud. Consequently, the order of confirmation is hereby revoked. Pursuant to § 1307(c)(7) and § 105(a) of the Code [11 U.S.C. § 1307(c)(7) and 11 U.S.C. § 105(a) ], Debtor's conduct, as heretofore mentioned, is an abuse of process. Her case is hereby dismissed.

IT IS SO ORDERED.