**In re David Alvin JARVIS, Catherine Christine Jarvis, Debtors.**

**Bankruptcy No. 386–05105 H–13.**

United States Bankruptcy Court,
D. Oregon.

Oct. 1, 1987.

cited by the court.

months after the confirmation of the plan is irrelevant under the creditor's theory.

 While there is authority to support the creditor's proposition, this court is persuaded by the reasoning of *In re Republic Trust and Savings Co.*, 59 B.R. 606 (Bankr.N.D.Okl.1986) and concludes that the provisions are not jurisdictional.

Since the objection to the debtors' eligibility was not raised prior to confirmation of the debtors' plan, the order confirming the plan constitutes a binding determination of the debtors' eligibility, and is not now subject to collateral attack. *See* 5 L. King, *Collier on Bankruptcy* § 1327.01 (15th ed. 1987). An appropriate order will be entered.

Michael Cowgill, Albany, Or., for Federal Sav. and Loan Ass'n.

Eric Haws, Eugene, Or., for debtors.

Robert Myers, trustee.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came to be heard upon creditor Home Federal Savings and Loan Association's motion to dismiss the debtors' chapter 13 case. Michael G. Cowgill of Albany, Oregon, appeared for Home Federal Savings and Loan Association. Eric Haws of Eugene, Oregon, represented the debtors.

The issue before the court is whether a debtor's eligibility under 11 U.S.C. § 109 is necessary to confer upon the court subject matter jurisdiction over the case. The creditor contends that the debtors were ineligible for relief under § 109 when the case was commenced, and therefore dismissal is mandatory. The fact that the challenge to eligibility was brought three