**In re Charles and Mary KOUTERICK, Debtors.**

**MIDLANTIC NATIONAL BANK, Plaintiff,**

v.

**Charles and Mary KOUTERICK, Defendants.**

**Bankruptcy No. 92–33447.**
**Adv. No. 93–3079.**

United States Bankruptcy Court, D. New Jersey.

Nov. 24, 1993.

Brian Quentzel, Ostrowitz & Ostrowitz, Manalapan, NJ, for plaintiff.

Peter A. Berman, Matawan, NJ, for defendants.

Peter J. Broege, Wood, Broege, Neumann and Fischer, Manasquan, NJ, for trustee.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This constitutes the court's decision on cross-motions for summary judgment. Defendants Charles and Mary Kouterick ("the debtors") moved for summary judgment dismissing the complaint of plaintiff Midlantic National Bank ("Midlantic"). Midlantic filed a cross-motion for summary judgment on its complaint to revoke the order confirming the debtors' chapter 13 plan on the grounds that confirmation was obtained by fraud. This court has jurisdiction under 28 U.S.C.

§§ 1334(b), 157(a) and 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O). For the following reasons, the debtors' motion for summary judgment is granted and Midlantic's motion is denied.

### FINDINGS OF FACT

On May 29, 1992 the debtors filed a petition for relief under chapter 13 of title 11, United States Code ("Bankruptcy Code" or "Code"). In the schedules which they filed with their petition the debtors listed their residence at 7 Kimberly Road, Jackson, New Jersey ("the property") as one of their assets. The debtors purchased the property in May 1987 for $140,000. The debtors' schedules stated the value of the property as of the petition date as $70,000.

The property was subject to three mortgages. Berkeley Federal Savings and Loan ("Berkeley") held a first mortgage in the amount of approximately $68,800. Midlantic held second and third mortgages in the amounts of approximately $41,400 and $29,-000.

The debtors had previously petitioned for relief under chapter 7 of the Code in February 1991. In the schedules filed in that case the debtors stated that the property had a value of $105,000. In August 1991 Midlantic filed a motion in that case under Code section 362(d) for relief from the automatic stay. Midlantic offered an appraisal on that motion which asserted a value of $121,000 for the property. The chapter 7 trustee abandoned the estate's interest in the property under Code section 554. The automatic stay was vacated by consent order on October 7, 1991 and Midlantic filed a foreclosure complaint on May 1, 1992.

The firm of Ostrowitz & Ostrowitz, Esq. ("the Ostrowitz firm") represented Midlantic in the chapter 7 case. When the debtors filed this chapter 13 case, they did not schedule the Ostrowitz firm as attorneys for Midlantic. The debtors did, however, schedule Midlantic as a creditor.

The debtors filed their chapter 13 plan on the petition date. On June 25, 1992 the court served upon all creditors including Midlantic a Notice of Commencement of Case under

Chapter 13 of the Bankruptcy Code, Meeting of Creditors and Fixing of Dates ("the Notice"). The Notice accurately stated with respect to the plan's treatment of Midlantic's mortgages that "the 2nd mtg. & 3rd mtg. to Midlantic National Bank shall be crammed down to zero & cancelled on the record." The Notice further stated that objections to confirmation under Fed.R.Bankr.P. 3020(b) must be filed and served within 30 days of the date of the Notice. It also stated that the confirmation hearing would take place in this court on October 27, 1992.

Midlantic neither objected to confirmation nor appeared at the hearing, at which the plan was confirmed. On November 16, 1992 the court entered the order confirming the plan.

On February 16, 1993 Midlantic filed the complaint commencing this adversary proceeding. The complaint seeks to revoke the order of confirmation under Code section 1330(a) on the grounds that the debtors obtained it by fraudulently understating the value of the subject property. The debtors filed an answer denying the allegations of fraud. A pretrial conference was conducted. These motions for summary judgment followed. After a hearing on August 24, 1993 the court reserved decision.

## CONCLUSIONS OF LAW

### I.

The court will first address Midlantic's argument that the plan was confirmed "behind the back" of Midlantic's counsel, in that the debtors filed to list the Ostrowitz firm on their schedules, and the court therefore did not send the Ostrowitz firm the Notice. Pl.'s Br. at 2. Midlantic does not deny that it was served with the Notice. However, the quoted statement from Midlantic's brief clearly implies that the Ostrowitz firm did not know about the case. That is also the clear implication of the statement in paragraph 15 of the certification of Brian Quentzel, Esq. in support of Midlantic's motion that he did not learn of the confirmation hearing or cramdown until January 1993, when Midlantic was served with a complaint filed by the defendants in the Superior Court of New Jersey to

discharge Midlantic's mortgages of record. Quentzel Certif. par. 15. When the court asked Mr. Quentzel at the hearing on these motions if Midlantic received the Notice, he stated that "I don't know, your Honor, to be perfectly frank with you." R. at 2, line 21 (August 24, 1993). Mr. Quentzel then stated further that

> My client, whether I knew it or not, apparently received some sort of notice. They thought our office had the file, was on top of things, and it went by because *my office had no idea of the chapter 13.*

R. at 4, lines 10–13 (August 24, 1993) (emphasis added).

The quoted statement that the Ostrowitz firm was unaware of the debtors' chapter 13 case was false. The court will take judicial notice that on July 27, 1992, which was three months before the confirmation hearing, Mr. Quentzel signed and filed a "Proof of Claim and Notice of Appearance" ("the proof of claim") in this case on behalf of Midlantic. A copy of the first and second pages of the proof of claim is appended to this opinion. The Ostrowitz firm has not mentioned the proof of claim in this adversary proceeding or on these motions. Since the Notice was served upon Midlantic on June 25, 1992, approximately one month before the proof of claim was filed, and since the proof of claim correctly reflects the case number of this case, i.e., 92–33447, the obvious inference is that Midlantic forwarded a copy of the Notice to the Ostrowitz firm with instructions to represent Midlantic's interest in the case.

■ In light of the proof of claim, the carefully-worded statements of Mr. Quentzel in his certification and brief and in open court, and the failure to disclose the filing of the proof of claim in this adversary proceeding, the court is left with the conviction that Mr. Quentzel intentionally misrepresented to the court that he and his firm had no knowledge of the chapter 13 case until Midlantic informed them in January 1993 about the debtors' state court suit to discharge the mortgages. Such a misrepresentation is a fraud upon this court. The complaint in this adversary proceeding is based in large measure upon the argument that Midlantic was disabled from representing itself in the chap-

ter 13 case because the Ostrowitz firm had no knowledge of the case. The Ostrowitz firm argues that the failure of the debtors and their counsel to include the Ostrowitz firm on the schedules so it could receive notices from the court was "unforgivable." Pl.'s Br. at 7. In light of that harsh judgment about the debtors and their counsel, an obvious question is whether the intentional misrepresentation by Mr. Quentzel and his firm should be judged by the same standard.

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule" or "Rule") 9011 provides in pertinent part that the signature of an attorney or party constitutes a certificate that to the best of the signer's knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact, and that it is not interposed for any improper purpose. If a document is signed in violation of this rule, the court on motion or on its own initiative shall impose on the person who signed it, the represented party, or both, an appropriate sanction. The court shall on its own initiative order Mr. Quentzel, the Ostrowitz firm and Midlantic to show cause why sanctions should not be imposed on them under Rule 9011 because of statements in the complaint and in Mr. Quentzel's certification and brief to the effect that the Ostrowitz firm had no knowledge of the chapter 13 case.

The Rules of Professional Conduct ("RPC") govern the conduct of attorneys in this court. D.N.J.BANKR.CT.R. 1(a); D.N.J. DISTRICT CT.R. 6(A); N.J.CT.R. 1:14. RPC 3.3, "Candor Toward Tribunal," states in pertinent part:

(a) A lawyer shall not knowingly:

(1) make a false statement of material fact or law to a tribunal;

\* \* \* \* \* \*

(4) offer evidence that the lawyer knows to be false ...; or

(5) fail to disclose to the tribunal a material fact with knowledge that the tribunal may tend to be misled by such failure.

It appears to the court that Mr. Quentzel has violated RPC 3.3(a) for the reasons set forth above. The court shall therefore refer this matter to the Lawyers Advisory Committee of the Bankruptcy Court for the District of New Jersey for institution of disciplinary proceedings, and for a recommendation to the Board of Bankruptcy Judges for this District as to appropriate sanctions.

## II.

Because the court has determined in section I above that Midlantic informed the Ostrowitz firm of the filing of the chapter 13 case in a timely manner, the court does not have to rule on Midlantic's argument that the debtor had an obligation to list the Ostrowitz firm on its schedules for notice purposes. The court will nevertheless make some observations about this argument.

■ Midlantic argues that because the debtors and their attorney knew that the Ostrowitz firm had represented Midlantic in the chapter 7 case and foreclosure case which preceded the chapter 13 case, the debtors had an obligation to list the Ostrowitz firm on their schedules in this case. Midlantic relies for this proposition on *In re Williams*, 51 B.R. 627 (Bankr.S.D.Ohio 1985), in which the court held that where a debtor knows that a creditor is represented by an attorney, and knows the identity of the attorney, the debtor has a duty to include the attorney's name in the schedules of creditors for notice purposes.

If such a duty exists, I have not been able to find it in the Bankruptcy Rules. Rule 1007(a)(1) provides that the debtor shall file a list containing the name and address of each creditor; no mention is made of attorneys. One of the primary purposes of such lists is for notices under Rule 2002. Subsection (g) of that rule states that all notices shall be addressed as the creditor or an authorized agent may direct in a filed request; otherwise to the address shown on the list of creditors or schedule, whichever is filed later. If a different address is stated on a proof of claim, that address shall be used. Rule 9010(b) requires an attorney appearing for a party to file a notice of appearance, unless the appearance is otherwise noted in the record. Rule 7004 is also enlightening. It provides that an individual shall be served with process at their residence or place of business. FED.R.BANKR.P. 7004(b)(1). Pro-

cess intended for a corporation shall be served upon an officer, managing or general agent, or any agent authorized by appointment or by law to receive such service. FED. R.BANKR.P. 7004(b)(3). By contrast, Rule 7004(b)(9) expressly requires parties to serve process upon the debtor and the debtor's attorney separately after a petition has been filed and until the case is closed or dismissed. D.N.J.Bankr.Ct.R. 2(c)(1), which states that the mailing matrix shall contain names and addresses of creditors and other parties in interest, does not expressly require inclusion of creditors' attorneys either.

■ It is common knowledge that one cannot serve initial process on an attorney for a party unless the attorney agrees to accept service after authorization from the party. Moreover, it doesn't necessarily follow that because an attorney has represented a client in one case, they will automatically be representing the client in subsequent cases regarding the same issues. It follows that the only safe way to ensure proper service of notices is to serve the creditor directly.

■ On the other hand, it is certainly a desirable courtesy to list an attorney who is known to have represented a creditor in pre-petition matters regarding the debt in question, in addition to scheduling the creditor separately. Such a practice may expedite matters by getting the attorney involved more quickly if he or she is going to represent the creditor in the case. As noted, however, the court sees no legal obligation to list attorneys for creditors in the schedules or list of creditors, and the court would be reluctant to hold that there is an equitable or ethical duty to do so as a general rule.

### III.

The complaint in this adversary proceeding seeks revocation of the order of confirmation under Code section 1330(a), which provides that the court may revoke such order if it was procured by fraud. The complaint notes that when the debtors filed their chapter 7 case on February 22, 1991, they stated that the property had a value of $105,000. When the debtors filed their chapter 13 case on May 29, 1992, they stated that the property had a value of $70,000, which is only slightly more than the amount due to the first mortgagee, Berkeley. The debtors used that valuation to "cram down the plaintiff's mortgages to zero," i.e., the debtors relied on Code sections 506(a), 1322(b)(2) and 1325(a)(4) to treat the mortgages as completely unsecured. The complaint further notes that in the chapter 7 case Midlantic had produced an appraisal of the property at $121,000. Midlantic therefore argues that the $70,000 valuation by the debtors in this case was false and fraudulent.

On this motion, debtor Charles Kouterick has filed a certification which states that prior to filing the chapter 13, he consulted with a realtor who advised him that the property had a value of $70,000. It was also represented at the hearing on these motions that the debtor testified in a deposition that the entire floor of the residence has sagged or settled, and that that is the reason for the reduction in value between the cases. R. at 15, lines 11–14 (August 24, 1993). Midlantic wishes to examine the residence for the purpose of challenging this testimony. Discovery has been stayed pending the outcome of these motions.

The debtors' primary argument on these motions is that the doctrine of res judicata bars Midlantic from challenging the valuation by the debtors which was accepted at the confirmation hearing. Midlantic disagrees. At the hearing on these motions there was a discussion of the fact that Midlantic knew from the Notice that the debtors' plan proposed to cram down Midlantic's mortgages to zero, but no objection to confirmation was filed. Midlantic argues that its failure to object to confirmation does not prevent it from seeking revocation. Midlantic's position was summarized in this colloquy:

> The Court: So your client is entitled to sit silent with knowledge, according to you, that the representations made by the debtor about the value of the property are false. Your client is entitled to sit silent, wait and see if the Court catches that by some other means, and then if the Court doesn't catch it, then you're entitled to seek revocation of the order of confirmation on the grounds of fraud. That's es-

sentially your argument as to what your client's rights are here. Is that correct?

Mr. Quentzel: With all due respect, Your Honor, I didn't write the Bankruptcy Code.

The Court: Well, I just want you to answer my question, if that's your argument.

Mr. Quentzel: Your Honor, that's my argument.

R. at 8 (August 24, 1993).

In *In re Szostek,* 886 F.2d 1405 (3d Cir. 1989), the court considered a motion by a secured creditor to revoke an order confirming a chapter 13 plan. The creditor argued that the plan violated Code section 1325(a)(5)(B)(ii) by failing to provide for interest on its secured claim. The creditor had also sought revocation under Code section 1330(a), but the bankruptcy and district courts held that there was no fraud, and the creditor abandoned the argument at the Court of Appeals. The court held that the plan was accepted by the creditor since the creditor failed to object timely to confirmation. *Id.* at 1414.

Midlantic argues that *Szostek* is distinguishable because the Court of Appeals did not address section 1330(a), the creditor having abandoned that argument after losing on it in the lower courts. The Court of Appeals also held, however, that

Under § 1327, a confirmation order is res judicata as to all issues decided or *which could have been decided* at the hearing on confirmation.

*Szostek,* 886 F.2d at 1408 (emphasis added). Midlantic could have raised its objection to valuation and its claims of bad faith and fraud at or before the confirmation hearing, but it failed to do so. Under these circumstances, Midlantic's claims are barred by the doctrine of res judicata. *See also In re Jones,* 134 B.R. 274 (N.D.Ill.1991) and *In re Edwards,* 67 B.R. 1008 (Bankr.D.Conn.1986).

█ Where a creditor knows of a basis for challenging confirmation and fails to object, the creditor cannot be permitted to use that basis to claim fraud under Code section 1330 after confirmation. Only two reported cases have revoked confirmation under Code section 1330. In one, *In re Scott,* 77 B.R. 636 (Bankr.N.D.Ohio 1987), the creditor had unsuccessfully raised an objection before confirmation, and the court then reconsidered and vacated the order of confirmation. In the other, *In re Powers,* 48 B.R. 120 (Bankr. M.D.La.1985), the opinion is silent as to whether the creditor knew of the evidence in question before confirmation or raised any objection. However, the strong policy favoring finality discussed in *Szostek* must prevent the raising of objections under section 1330(a) which the creditor knew of but failed to raise before confirmation. The debtor's brief summarizes the problem well:

Midlantic's argument threatens the integrity of the confirmation process. If Midlantic has its way and the mere allegation or a reference to a disagreement as to the value of a debtor's property constitutes a showing of fraud, then no finality could ever result from a confirmation hearing. Worse yet, creditors could then cavalierly ignore court proceedings, such as confirmation hearings, with impunity, knowing that they could protract litigation at mounting costs by means of adversary proceedings under 1330 so as to obtain relief from their own inexcusable neglect.

Def.'s Br. at 11.

█ Midlantic argues that res judicata bars the debtors from using any valuation in this case other than the $121,000 appraisal on which Midlantic relied to obtain relief from the automatic stay in the chapter 7 case. This argument is without merit. Under Code section 506(a), valuation for one purpose in a case is not even binding for other papers in the same case, let alone in subsequent cases. Moreover, paragraph 10 of Midlantic's proof of claim in this case states that "the fair market value of the property on which the claimant has a lien is unknown at this time." It therefore appears that even Midlantic recognized at that point that the valuation which it had asserted in the previous case had no res judicata effect.

## IV.

█ Midlantic also argues that the chapter 13 case should be dismissed under Code section 1307(c) because it was filed in bad faith,

and because they are in arrears on their payments to the trustee under the plan. The argument that the case should be dismissed as a bad faith filing is barred by the doctrine of res judicata for the reasons stated in section III above. The argument that dismissal is warranted by default under the plan fails because the debtors and the trustee have reached an agreement to cure the arrearages under the plan.

## CONCLUSION

To summarize, the court holds as follows:

1. The debtors' motion for summary judgment is granted.

2. Mr. Quentzel, the Ostrowitz firm and Midlantic shall show cause why sanctions should not be imposed on them under Rule 9011 for the reasons stated in this opinion. Mr. Quentzel, Alan Ostrowitz, Esq. and the Midlantic officer who has principal responsibility for Midlantic's claims in this case shall appear at the hearing on this matter for testimony regarding the date and circumstances of Midlantic's employment of the Ostrowitz firm in this case, the filing of the proof of claim, the failure to object to confirmation, and the failure to disclose the filing of the proof of claim in this adversary proceeding. All correspondence, internal memoranda and other documents relating to these issues shall also be produced.

3. The conduct of Brian Quentzel, Esq. described in this opinion shall be referred by the court to the Lawyers Advisory Committee of the Bankruptcy Court for the District of New Jersey for disciplinary proceedings and a recommendation to the Board of Bankruptcy Judges of this District as to appropriate sanctions. If the hearing described in 2 above discloses that any other attorneys from the Ostrowitz firm knew of or participated in Mr. Quentzel's fraud upon the court, such other attorneys shall be referred for disciplinary proceedings as well.

The attorney for the debtors shall submit an order embodying these rulings within 10 days under D.N.J.Bankr.Ct.R. 4(c).

## APPENDIX

### PROOF OF CLAIM AND NOTICE OF APPEARANCE

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEW JERSEY

### IN RE:

### CHARLES R. KOUTERICK

### MARY KOUTERICK

*CASE NUMBER: 92–33447 (SAS)*

1. This proof is made for the Claimant named below by the undersigned individual who states that he is an Associate of the firm of OSTROWITZ & OSTROWITZ, ESQS., attorneys for the Claimant. The Claimant is a New Jersey Corporation, as follows:

Midlantic National Bank,

1070 Thomas L. Busch, III, Memorial Highway,

Pennsauken, New Jersey 08110.

2. The undersigned represents that he is duly authorized to make this Proof of Claim. Further the Claimant hereby appears in this case by and through the attorneys set forth hereinbelow, and requests, pursuant to Bankruptcy Rule 9010, that all notices, pleadings, and distribution checks be mailed to counsel set forth hereinbelow:

3. The correct post office address of the counsel for the Claimant to which all notices, pleadings and distribution checks should be mailed is stated below:

OSTROWITZ & OSTROWITZ, ESQS.

225 Gordons Corner Road

P.O. Box 641

Manalapan, New Jersey 07726

(908) 446–2800.

4. This claim is based upon a note, contract or other writing. Complete duplicate copies of the subject documents are annexed hereto.

5. No judgment has been rendered upon the claim except:

6. The debtor was at the time of the filing of the Petition initiating the case, and still is, indebted as follows:

SEE SCHEDULE "A" ANNEXED HERETO; AMOUNT DUE AND OWING: $46686.26

7. This Claim is free from any charge forbidden by law and excludes all unmatured interest.

8. This claim is a secured claim, except to the extent that the security interest, if any, described in paragraph "9." hereof is insufficient to satisfy the claim (if priority is claimed, state the amounts and the basis thereof). Moreover, the Claimant reserves the right to claim that the within Claim is nondischargeable, following an examination of the debtor's Petition and Schedules.

9. NO SECURITY INTEREST IS HELD FOR THIS CLAIM EXCEPT: The security interest is claimed under the writing referred to in Paragraph "4." hereof. Evidence of perfection of such security interest is also attached hereto.

10. The fair market value of the property on which the claimant has a lien is unknown at this time, but the same is believed to support the amount of the Claimant's lien.

11. *Statement of Arrears.* As of May 29, 1992, the amount past due was $7,330.38, consisting of principal of $3158.96 and interest of $4171.41.

DATED: July 23, 1992

OSTROWITZ & OSTROWITZ, ESQS.

/s/ Brian R. Quentzel
BRIAN R. QUENTZEL