In re James Anthony **RITACCO**, Debtor.

Estate of Sue **BRIGHT**, Shirley (no last name), Merle & Lavonne Schaff and the Parker Family Educational Trust, Plaintiffs,

v.

James Anthony **RITACCO**, Defendant.

Bankruptcy No. 695–64935–AER13.

Adversary No. 96–6204–AER.

United States Bankruptcy Court, D. Oregon.

June 18, 1997.

**596**

Robert S. Banks, Jr., Portland, OR, for Plaintiffs.

Daniel F. Vidas, Portland, OR, for Defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

### BACKGROUND

This adversary proceeding has been brought by the plaintiffs seeking to revoke the order confirming defendant's Chapter 13 plan pursuant to 11 U.S.C. § 1330(a).

The defendant filed his petition for relief under Chapter 13 of the Bankruptcy Code on December 13, 1995. His Chapter 13 plan filed the same date, was confirmed by an order entered herein on February 22, 1996, without objection.

The plaintiffs, along with numerous other unsecured creditors, were scheduled by the defendant as holding claims which were contingent, unliquidated and disputed, having a value of –0–. Plaintiffs allege that confirmation of the debtor's plan was procured by fraud in that the defendant was well aware that the plaintiffs, and many of the other creditors listed on Schedule F, had claims that were non-contingent and liquidated, rendering the defendant ineligible to be a Chapter 13 debtor pursuant to 11 U.S.C. § 109(e).[1] The plaintiffs maintain that the non-contingent, liquidated unsecured claims exceeded $250,000 on the date the Chapter 13 petition was filed. They further allege that the defendant fraudulently prepared and filed his Schedule F forms, thereby practicing a fraud upon this court and his creditors in gaining confirmation of a Chapter 13 plan.

On February 29, 1996, plaintiffs filed a motion to dismiss or convert this case based upon the debtor's ineligibility. This motion was denied pursuant to an order entered on June 21, 1996, this court having concluded that the confirmation of the Chapter 13 plan was res judicata on the issue of the defendant's eligibility. *See* 11 U.S.C. § 1327(a).[2] *See also In re Jarvis*, 78 B.R. 288 (Bankr. D.Or.1987).

Plaintiffs then filed their complaint herein on August 16, 1996 and an amended complaint on August 20, 1996 seeking revocation of the Order of Confirmation pursuant to 11 U.S.C. § 1330(a).

The parties filed cross motions for summary judgment which were argued before this court on March 4, 1997. At that hearing, this court agreed with the plaintiffs and found that their debts were indeed non-contingent and liquidated. This court further found, however, that a material issue of fact existed as to whether or not the defendant had fraudulently prepared his schedules (in short, the defendant's intent). Accordingly, an order was entered denying plaintiff's motion for summary judgment on March 18, 1997.

At the hearing on the cross motions for summary judgment, this court raised an issue concerning the defendant's motion. This

---

**1.** Section 109(e) provides in pertinent part: "Only an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $250,000 ... may be a debtor under Chapter 13 of this Title."

**2.** Section 1327(a) provides:

The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

court inquired as to whether or not the plaintiffs could maintain this adversary proceeding when they had knowledge of the facts constituting the alleged fraud in time to have objected to confirmation of the defendant's Chapter 13 plan or to have taken other appropriate action, such as a pre-confirmation motion to dismiss. This court invited the parties to submit further briefs concerning this particular issue and stated that the defendant's motion for summary judgment would be granted if the court concluded that the plaintiffs' action is barred, otherwise, that motion would likewise be denied and this matter would be set for trial. The parties have taken advantage of the court's invitation to submit supplemental briefs and this matter is ripe for decision.

## ISSUE

The sole question to be decided is whether or not a creditor may maintain an action under 11 U.S.C. § 1330(a) when the creditor knew of the alleged fraud in time to have objected to confirmation of the debtor's plan.

## DISCUSSION [3]

This appears to be a case of first impression in this district.[4] The plaintiffs concede that they were duly scheduled and notified about the defendant's Chapter 13 bankruptcy. They offer no contention that they were not adequately apprised of the status of the case, in short, no notice or due process concerns are presented. In addition, it is apparent from a review of the plaintiffs' pleadings and other submissions that they were well aware of the facts giving rise to the allegations of fraud well before the entry of the Order of Confirmation. It is the plaintiffs' position, however, that such prior notice and knowledge are not impediments to their action under § 1330(a).

Section 1330(a) provides:

On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

In general, confirmation of a plan is *res judicata*, as to all justiciable issues which were or could have been decided at the confirmation hearing. *In re Ivory*, 70 F.3d 73 (9th Cir.1995).[5] Applying res judicata to confirmation orders enforces the doctrine of finality as expressed in § 1327(a).[6] *See In re Lochamy*, 197 B.R. 384 (Bankr.N.D.Ga.1995) and *In re Evans*, 30 B.R. 530 (9th Cir.BAP 1983).

There are, however, exceptions to the res judicata doctrine surrounding the confirmation of Chapter 13 plans. *See In re Powers*, 202 B.R. 618 (9th Cir.BAP 1996) where the Bankruptcy Appellate Panel dealt with the interplay between §§ 1329 and 1327.[7]

---

**3.** All statutory references are to the Bankruptcy Code, Title 11 United States Code, unless otherwise indicated.

**4.** There also does not appear to be any decisions regarding this issue with regards to § 1330(a)'s sister statutes, § 1144 and § 1230(a).

§ 1144 provides in pertinent part:
On request of a party in interest at any time before 180 days after the date of the entry of an order of confirmation, and after notice and a hearing, the court may revoke such order if, and only if, such order was procured by fraud. § 1230(a) is identical to § 1330(a) except that the reference to § 1325 is to § 1225.

**5.** Of course Debtor's good faith is always an issue before the court at confirmation. Furthermore, § 1330(a) itself assumes that confirmation would have been denied had the court been aware of the fraud, implying that there could have been no requisite finding of good faith.

**6.** In fact, as noted above, this doctrine has already been applied in this case in denying Plaintiff's *post confirmation* motion to dismiss based on lack of eligibility.

**7.** Section 1329(a) provides in part:
At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, ...
It is noteworthy, that in this district, it appears that a § 1329 plan modification requires a showing of a substantial change in the debtor's ability to pay since the confirmation hearing and that the prospect of such change had not already been taken into account at the time of confirmation. *See Anderson v. Satterlee, (In re Anderson)*, 21 F.3d 355 (9th Cir.1994), *In Re Suratt*, Case # 95–6183–HO (D.Or. Jan. 10, 1996) (unpublished) (Hogan, J.)

■ In addition, plaintiffs rely upon several well recognized rules of statutory construction to support their position. They note that § 1330(a) does not specifically require a lack of prior knowledge on the part of a party seeking revocation. Plaintiffs maintain that the court must give effect to the plain meaning of the statute, *see United States v. Gomez–Rodriguez,* 96 F.3d 1262 (9th Cir.1996). This argument is strengthened by a comparison to the language found in § 1328(e) concerning the revocation of a Chapter 13 discharge. That statute provides:

> (e) On request of a party in interest before one year after a discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if—
>
> > (1) such discharge was obtained by the debtor through fraud; and
> >
> > (2) the requesting party did not know of such fraud until after such discharge was granted.

[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.

*Hyatt v. Northrop Corporation,* 91 F.3d 1211, 1215 (9th Cir.1996).

■ Further, the court notes that the predecessor of § 1330(a) contained a knowledge requirement.[8]

> By enacting a different statute, it is presumed the legislature intended a change in the existing law.

*In re Lyons v. Ray, (In re Ray),* 26 B.R. 534, 543 (Bankr.D.Kan.1983), rev'd on other grounds 804 F.2d 577 (10th Cir.1986).

Although the plaintiffs' arguments have some merit, at least one court has squarely considered the issue presented to the court here. *See In re Kouterick,* 161 B.R. 755 (Bankr.D.N.J.1993). The *Kouterick* court concluded:

Where a creditor knows of a basis for challenging confirmation and fails to object, the creditor cannot be permitted to use that basis to claim fraud under Code § 1330 after confirmation. 161 B.R. at 760.

In interpreting § 1144, the court in *In re Tenn–Fla Partners,* 170 B.R. 946 (Bankr. W.D.Tenn.1994) noted that "[T]he Congress has specified revocation of a confirmation order as a remedy when, . . . evidence of the plan proponent's fraud becomes apparent within the 180 days following entry of the. confirmation order." 170 B.R. at 964.

Although the matter before the court in *In re Jarvis,* 78 B.R. 288 (Bankr.D.Or.1987) was a motion to dismiss and not an adversary proceeding under § 1330(a), Judge Hess concluded:

> Since the objection to the debtor's eligibility was not raised prior to confirmation of the debtor's plan, the order confirming the plan constitutes a binding determination of the debtor's eligibility, and is not now subject to collateral attack.

78 B.R. at 289.

■■ This court finds the rationale set forth in *Jarvis* and *Kouterick* to be persuasive. Clearly, the Congressional purpose behind the enactment of § 1330(a) was to allow a party in interest to seek revocation of an order confirming a Chapter 13 plan where the debtor had procured such confirmation through fraud and the fraud is discovered or becomes apparent, to the parties seeking revocation, after confirmation but within the grace period allowed by the statute. Adopting the plaintiffs' arguments would lead to the illogical conclusion that Congress intended that creditors could lay in the weeds and wait to see if a debtor's Chapter 13 plan could gain confirmation. If an order of confirmation is entered they could then bring their § 1330(a) proceeding seeking revocation of such an order. If a party in interest has reason to believe that a debtor is seeking confirmation of a Chapter 13 plan through

---

8. Former 11 U.S.C. § 671 provided in part:
   If, upon the application of parties in interest filed at any time within six months after a plan has been confirmed, it shall be made to appear that fraud was practiced in the procuring of such plan and *that knowledge of such fraud has come to the petitioners since the confirmation of such plan-* . . . (emphasis added)

fraud prior to confirmation, the creditor should bring its objection prior to the confirmation of the plan. Any other result does harm to the finality normally accorded confirmation orders and specifically provided for by Congress in § 1327(a).

## CONCLUSION

Based upon the foregoing, this court concludes that the plaintiffs' action under § 1330(a) is barred by res judicata. Accordingly, it follows that the defendant's motion for summary judgment should be granted, an order consistent herewith shall be entered. This opinion contains the courts findings of fact and conclusions of law; they shall not be separately stated.