**In re Karen VALENTI, Debtor.**

**Roy Duplessis, Denise Duplessis, Appellants,**

v.

**Karen Valenti, Appellee.**

BAP No. CC–03–1096–MoPMa.
Bankruptcy No. SV 01–16072 KL.
Adversary No. SV 02–01812 KL.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Oct. 23, 2003.

Filed May 11, 2004.

Andrew P. Altholz, Santa Monica, CA, for Roy Duplessis.

David Brian Lally, Law Offices of David Brian Lally, Aliso Viejo, CA, for Karen Valenti.

Before MONTALI, PERRIS and MARLAR, Bankruptcy Judges.

## OPINION

MONTALI, Bankruptcy Judge.

Karen Valenti ("Debtor") allegedly hid $700.00 per month of income, concealed her ongoing beneficial interest in a single family home she had quitclaimed to her daughter pre-petition, and lied about having paid off the mortgage debt on that home through escrow. According to creditors and appellants Roy and Denise Duplessis ("Creditors"), Debtor was ineligible for Chapter 13 relief under Section 109(e), her plan was unconfirmable under Section 1325, and she obtained confirmation through fraud so that she could use the Chapter 13 super-discharge to avoid paying Creditors' claim, which had been held non-dischargeable in Debtor's earlier Chapter 7 case.[1]

Creditors did not raise these issues prior to confirmation of Debtor's Chapter 13 plan. Instead, they filed a post-confirmation complaint to revoke the confirmation order and later submitted a proposed amended complaint.

We hold that, although Debtor's alleged conduct, if proven, is reprehensible, there is a strict 180–day time limit for seeking to revoke confirmation for fraud under Section 1330(a). This bars the claims raised in Creditors' proposed amended complaint even if Debtor concealed her alleged misconduct. We reject Creditors' attempts to get around Section 1330(a) by alleging bad faith and by invoking Section 105(a), Section 1307(c), and Fed.R.Civ.P. 60 (incorporated by Rule 9024), which have no 180–day time limit.

Creditors' claims in their original complaint were raised within the 180–day time limit of Section 1330(a), but those claims are barred by res judicata. Creditors cannot wait until after confirmation and then seek to revoke the confirmation order based on matters that they could have or should have raised at the confirmation hearing.

We address one other issue. Creditors apparently believe that the bankruptcy court's order dismissing their complaint under Section 1330(a) was with prejudice against any future motion they might file under Section 1307(c) to convert or dismiss Debtor's Chapter 13 case. We clarify that relief under Section 1307(c), which includes no explicit 180–day time limit, is not necessarily barred by res judicata.

---

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

With that clarification, the bankruptcy court's order dismissing Creditors' complaint with prejudice is AFFIRMED.

## I. FACTS

In an earlier Chapter 7 case, Creditors had obtained a judgment determining that a debt Debtor owed to them was non-dischargeable. Later, Debtor filed a petition commencing her present Chapter 13 case. On March 18, 2002, after a contested confirmation hearing, the bankruptcy court entered an order confirming Debtor's Chapter 13 plan (the "Confirmation Order").

### A. *Creditors' complaint*

Six months after the Confirmation Order was entered, on September 16, 2002, Creditors filed a "Complaint To Revoke Order of Confirmation of Chapter 13 Plan [11 U.S.C. § 1330]" (Adv. No. SV–02–01812–KL).[2] The complaint alleges that (1) Debtor made materially false representations regarding her compliance with the best interests of creditors test of Section 1325(a)(4) by omitting any mention of a beneficial interest she had in a single family residence located at 6802 Aldea Avenue, Van Nuys, California (the "Aldea Property"), (2) Debtor misrepresented the amount of her "monthly disposable income" under Section 1325(b)(1)(B). "by at

least $700.00," and (3) Debtor did not propose her plan in good faith.

Debtor filed a motion to dismiss the complaint (the "Motion to Dismiss").[3] At a hearing on that motion, the bankruptcy court asked why the complaint's claims should not be barred because they had not been raised before the Confirmation Order was entered. The bankruptcy court noted that Debtor's Schedule I discloses $700.00 of monthly income from real property (even though her Schedule A states that she does not own any real property).

According to Creditors' attorney, newly discovered information suggested that Debtor retained a beneficial ownership interest in the Aldea Property after she quitclaimed it to her daughter in 1996, and the source of the income from real property might be different from what Creditors had understood (apparently a muffler business in which Debtor allegedly had some sort of beneficial interest). The bankruptcy court was not persuaded, stating later that the question is not what was actually known to Creditors but whether or not the issues were sufficiently apparent that they should have been investigated, and then raised as an objection to confirmation.

Creditors' attorney also argued that Debtor misled them, prior to confirmation of her Chapter 13 plan, by claiming to have paid off her obligations relating to

---

**2.** Section 1330 provides, in relevant part:
§ **1330. Revocation of an order of confirmation**
(a) On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud. 11 U.S.C. § 1330(a).
The complaint was filed 181 days after entry of the Confirmation Order, but the 180th day was a Sunday and Debtor has not argued that the filing was untimely. *See* Fed. R. Bankr.P. 9006(a).

**3.** Oddly, neither party has included the Motion to Dismiss in the excerpts of record. As a general rule, we will not consider arguments for which excerpts of record are insufficient. *Bank of Honolulu v. Anderson (In re Anderson)*, 69 B.R. 105, 109 (9th Cir. BAP 1986). In this instance, however, the excerpts of record are adequate for us to obtain "a complete understanding of the issues." *Gardenhire v. Internal Revenue Serv. (In re Gardenhire)*, 220 B.R. 376, 380 (9th Cir. BAP 1998), *rev'd on other grounds*, 209 F.3d 1145 (9th Cir.2000).

the Aldea Property (the "Aldea Debt"). He argued that this debt, combined with Debtor's other obligations, made her ineligible for Chapter 13 under Section 109(e).[4]

The bankruptcy court responded that Creditors could not raise the issue of lack of eligibility because it was not stated anywhere in the complaint and "you're stuck now with what you alleged prior to the expiration of the 180 days [under Section 1330(a) ]." Transcript 11/21/02, p. 6:19–20. Creditors' attorney conceded that this issue was not raised by the complaint and added that this is why Creditors would like leave to amend. The bankruptcy court granted the Motion to Dismiss with prejudice as to the first claim but permitted Creditors to submit a proposed amended complaint.

B. *The proposed amended complaint*

On December 23, 2002, Creditors submitted their proposed amended complaint seeking relief under Sections 1330(a) and 105(a), Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") and, at least in conjunction with Section 1330, Section 1307(c). The gravamen of the proposed amended complaint is that Debtor did not disclose the Aldea Debt and thereby acted in bad faith and knowingly or recklessly misled the bankruptcy court "as to her level of unsecured debt," which was "in excess of the debt limit established by [Section] 109(e)." Creditors contend that the Aldea Debt, combined with the general unsecured claims listed in Debtor's schedules, results in a total amount of noncontingent,

liquidated unsecured debt that exceeds the $290,525.00 limit in Section 109(e).

Both the complaint and the proposed amended complaint include nothing in their prayers for relief about conversion or dismissal of Debtor's Chapter 13 case under Section 1307(c). Nevertheless, the proposed amended complaint's claim for relief under Sections 1330(a) and 1307(c) includes the statement that the facts alleged "warrant[ ] dismissal."

On January 30, 2003, at a continued hearing on the Motion to Dismiss, Creditors' attorney argued that the 180–day time limit in Section 1330 does not apply under Section 1307(c), Section 105(a), or Rule 9024, and that such provisions are an alternative basis to revoke the Confirmation Order. The bankruptcy court stated, "I don't think all these other sections work [because] you have a very specific section and it says when you can revoke an order of confirmation." Transcript 1/30/03 hearing, p. 24:21–25.

As to res judicata, Debtor's attorney argued that Creditors chose not to seek documents or examine Debtor before confirmation to answer questions raised by Debtor's schedules. The bankruptcy court asked Creditors' attorney, "didn't it occur to you that if [Debtor] quitclaimed [the Aldea Property], there would have been a note?" *Id.*, p. 37:13–15. Creditors' counsel argued that Debtor concealed the Aldea Debt by omitting it from her bankruptcy schedules and stating under oath that she had paid off the Aldea Debt

---

4. Section 109(e), as applicable to this case, provided in full:
 (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $290,525 and noncontingent, liquidated, secured debts of less than $871,550, or an individual with regular income and such individual's

spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $290,525 and noncontingent, liquidated, secured debts of less than $871,550 may be a debtor under chapter 13 of this title.
11 U.S.C. § 109(e) (prior to amendments effective April 1, 2004).

through escrow—"[s]he was lying." *Id.*, p. 39:20. The bankruptcy court held that res judicata applies, stating its ruling in the form of a rhetorical question:

> THE COURT: How do you get around the fact that this went to confirmation, a contested confirmation, I might add—a contested confirmation in which the [D]ebtor's veracity and motives were at issue when you knew about the property and the debt prior to confirmation[?]

*Id.*, p. 46:17–24.

On February 18, 2003, the bankruptcy court entered an order dismissing the remaining claims in the complaint "with prejudice." From the bankruptcy court's statements at the hearing on January 30, 2003, it is unclear whether the dismissal was intended to be with prejudice against any relief under Section 1307(c), which it may have seen as an improper "way around" the unavailability of relief under Section 1330(a). *Id.*, pp. 20:12–18—25:8, 43:10—44:24, 48:14—49:2. Creditors filed a timely notice of appeal.

## II. ISSUES

1. Notwithstanding the requirements in Section 1330(a) to prove fraud and to seek revocation of the Confirmation Order within 180 days, can Creditors seek revocation for bad faith or seek revocation after 180 days by virtue of Section 105(a), Section 1307(c), or Rule 60(b)?

2. If Section 1330(a) is the only basis for relief, which claims were made within its 180–day time limit?

3. Does res judicata apply under Section 1330(a) to bar claims that could have or should have been raised at confirmation?

## III. STANDARDS OF REVIEW

We review de novo the dismissal of a complaint for failure to state a claim. *Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir.1995). We review denial of leave to amend for abuse of discretion "but such denial is strictly reviewed in light of the strong policy permitting amendment." *North Slope Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1228 (9th Cir.1997) (citation and internal quotation marks omitted). Legal issues such as interpretation of statutes and rules are also reviewed de novo, and factual findings are not disturbed unless clearly erroneous. *Arnold v. Gill (In re Arnold)*, 252 B.R. 778, 784 (9th Cir. BAP 2000).

## IV. DISCUSSION

In considering the issues on this appeal, we keep in mind the standards applicable to a motion to dismiss. A complaint must be construed in the light most favorable to the nonmoving party. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001), *opinion amended on denial of rehearing*, 275 F.3d 1187. The court must accept as true all material, well-pleaded allegations in a complaint, as well as all reasonable inferences from those allegations. *Sprewell*, 266 F.3d at 988. For example, we will presume that the Aldea Debt was not in fact paid through escrow. Solely for purposes of our discussion, we will also assume, arguendo, that Debtor's alleged conduct would amount to procuring the Confirmation Order by fraud. Given our disposition of this appeal, we do not decide that issue.

1. *Section 1330 precludes Creditors' alternate grounds for revoking the Confirmation Order*

Creditors argue that the court can revoke the Confirmation Order more than 180 days after it was entered, or on grounds other than fraud, pursuant to Section 105, Section 1307(c), or Rule 60(b)(3). We disagree.

■ We start with the context: there is a strong policy of finality applying res judicata to confirmation orders. *See Multnomah County v. Ivory (In re Ivory)*, 70 F.3d 73 (9th Cir.1995). This policy is reflected in Section 1327(a):

The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327.

■ Section 1330 allows the court to revoke confirmation of a Chapter 13 plan. That section provides a narrow exception to res judicata and finality, limited in two important ways: the request for revocation must be made "within 180 days after the date of the entry of [the Confirmation Order]" and revocation is only authorized "if such order was procured by fraud." 11 U.S.C. § 1330(a). Absent such fraud, or if revocation is not requested within 180 days, res judicata applies. *See Franklin Fed. Bancorp, FSB v. Lochamy (In re Lochamy)*, 197 B.R. 384, 386 (Bankr. N.D.Ga.1995) (challenge to eligibility under § 109(e) after confirmation of Chapter 13 plan was barred by res judicata because "the issue of eligibility is implicit in the confirmation hearing").

■ It does not matter if, as Creditors allege, Debtor concealed any misconduct. To borrow a phrase from a Ninth Circuit case applying the nearly identical language of Section 1144, the 180–day bar applies to bar revocation even if "the fraud is not discovered until the period has passed." *Dale C. Eckert Corp. v. Orange Tree Assocs., Ltd. (In re Orange Tree Assocs., Ltd.)*, 961 F.2d 1445, 1447 (9th Cir.1992) (for revocation of Chapter 11 confirmation order under § 1144, "strict compliance" with the 180–day period is "a prerequisite to relief"). *See also* 11 U.S.C. § 1144 (minor difference in phrasing from § 1330(a), stating that court may order revocation if "and only if" such order was procured by fraud).

a. *Section 105(a) is not a basis for revocation*

■ Creditors seek to evade these principles of finality and res judicata by citing Section 105(a), which provides:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

■ Section 105(a) is not an independent basis for relief beyond the scope of the other sections of the Bankruptcy Code. Creditors would use Section 105(a) to evade the plain language of Section 1330(a). That is impermissible. *See Holloway v. Household Automotive Finance Corp.*, 227 B.R. 501, 506–507 (N.D.Ill.1998) ("Congress specifically enacted § 1330(a) to remedy confirmation orders procured by fraud" and "to imply a private right of action under § 105(a) would undermine and be inconsistent with the underlying

legislative scheme imposed by the Bankruptcy Code"); *Jones v. U.S. (In re Jones)*, 129 B.R. 1003, 1010–1011 (Bankr. N.D.Ill.1991) (§ 105(a) not an independent basis for revocation of confirmation order), *aff'd*, 134 B.R. 274, 278 n. 2 (N.D.Ill. 1991) (dicta agreeing with bankruptcy court's reasoning). *See also Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988) ("whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code"). *But see Ekeke v. U.S.*, 133 B.R. 450, 452 (S.D.Ill.1991) (bankruptcy court has "inherent equitable power under § 105(a) of the Bankruptcy Code to revoke the confirmation based on its finding that the plan was not made in good faith and constituted subterfuge, and an attempt to defraud the bankruptcy court").

### b. *Section 1307(c) is not a basis for revocation*

■ The proposed amended complaint includes a claim "[p]ursuant to 11 U.S.C. §§ 1330 & 1307(c)." These two sections of the Bankruptcy Code are related, but not in any way that would enable Creditors to avoid the plain meaning of Section 1330(a).

Section 1307(c) provides, in relevant part:

(c) . . . on request of a party in interest or the United States trustee and after notice and a hearing, the court may [with inapplicable exceptions] convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

\* \* \* \* \* \*

(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title[.]

11 U.S.C. § 1307(c)(7).

Section 1330(b) provides that, if the court revokes an order of confirmation, the court shall convert or dismiss the case under Section 1307, unless it confirms a modified plan. 11 U.S.C. § 1330(b). Thus, Sections 1330 and 1307(c) work hand-in-hand.

Creditors' attorney argued at the hearing on January 30, 2003, that Section 1307(c) includes no 180–day time limit. He also argued that bad faith is somehow relevant under Section 1330(a) by virtue of Section 1307(c). In other words, Creditors contend that the Confirmation Order can be revoked on grounds other than fraud and beyond the 180–day time limit in Section 1330(a). We disagree.

Section 1330(a) provides that the court may revoke an order confirming a Chapter 13 plan within 180 days "if such order was procured by fraud." 11 U.S.C. § 1330(a). It provides no other basis for revoking a confirmation order. *See U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' ") (citation omitted). Applying Section 1330(a) by its terms would not be "demonstrably at odds" with the drafters' intentions.

### c. *Rule 60(b) is not a basis for revocation*

■ Creditors' final alternative to Section 1330(a) is Rule 60(b).[5] That rule,

---

**5.** The portion of Rule 60(b) relied upon by

Creditors is Rule 60(b)(3), which provides:

however, is only applicable to bankruptcy cases by virtue of Rule 9024, which explicitly states that Rule 60(b) "applies in cases under the Code *except* that ... a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330." Fed. R. Bankr.P. 9024 (emphasis added). Therefore, we follow other courts that have held that Rule 60(b) cannot be used to evade the 180–day time limit in Section 1330(a). *See Branchburg Plaza Assocs., L.P. v. Fesq (In re Fesq),* 153 F.3d 113 (3d Cir. 1998) (§ 1330(a) precludes relief under Rule 60(b)), *cert. denied,* 526 U.S. 1018, 119 S.Ct. 1253, 143 L.Ed.2d 350 (1999); *Mason v. Young (In re Young),* 237 B.R. 791, 800–03 (10th Cir. BAP 1999), *aff'd on other grounds,* 237 F.3d 1168 (10th Cir. 2001); *Educational Credit Mgmt. Corp. v. Robinson (In re Robinson),* 293 B.R. 59, 62–65 (Bankr.D.Or.2002). *See also Orange Tree Assocs.,* 961 F.2d at 1447 (for revocation of Chapter 11 confirmation order under § 1144, "strict compliance" with the 180–day period is "a prerequisite to relief" even if "the fraud is not discovered until the period has passed").

We recognize that the Ninth Circuit has applied Rule 60(b) in an analogous context, to affirm revocation of a discharge order on grounds other than those stated under the discharge revocation provisions of Section 1328(e). *See Cisneros v. U.S. (In re Cisneros),* 994 F.2d 1462 (9th Cir.1993). Nevertheless, *Cisneros* is properly read as "a reaffirmation of a court's inherent power to correct its own clerical errors" rather than a sweeping mandate to act beyond the authority of a statutory provision that is tailored to the relief sought. *Ford v.*

*Ford (In re Ford),* 159 B.R. 590, 593 (Bankr.D.Or.1993). *See also Robinson,* 293 B.R. at 61–65 (following *Fesq* and *Ford* to hold that Rule 60(b) did not provide an alternative to Section 1330(a) for revocation of confirmation order); *Roost v. Reynolds (In re Reynolds),* 189 B.R. 199, 202 (Bankr.D.Or.1995) ("*Ford* remains good law"); *U.S. v. Trembath (In re Trembath),* 205 B.R. 909, 914 (Bankr.N.D.Ill.1997) (following *Ford* ).

No clerical error is alleged in this case. Therefore, *Cisneros* does not help Creditors.

We also recognize that Rule 60(b) might be applicable to address the situation in which a confirmation order exceeded the bankruptcy court's jurisdiction. *Accord In re Hudson,* 260 B.R. 421, 443–444 (Bankr.W.D.Mich.2001) ("Rule 9024 may be utilized to set aside or relieve a party from the effect of a chapter 13 confirmation order when notice is constitutionally inadequate"). *See also Robinson,* 293 B.R. at 65 (noting that "plaintiff has not alleged any lack of due process in this case").

Creditors make no argument, however, that the Confirmation Order exceeded the bankruptcy court's jurisdiction. Moreover, although the bankruptcy court suggested that there might be a jurisdictional argument if Debtor were not eligible for Chapter 13 relief, our own binding precedent, affirmed by the Ninth Circuit, holds that Section 109(e) is not jurisdictional. *See Federal Deposit Ins. Corp. v. Wenberg (In re Wenberg),* 94 B.R. 631, 637 (9th Cir. BAP 1988), *aff'd* 902 F.2d 768

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a part or a party's legal representative from a final judgment, order, or proceeding for the fol-

lowing reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ....
Fed.R.Civ.P. 60(b)(3).

(9th Cir.1990). *See also In re Verdunn*, 210 B.R. 621, 623–24 (Bankr.M.D.Fla.1997) (citing cases); *Lochamy*, 197 B.R. 384 (§ 109(e) not jurisdictional); *Jones*, 134 B.R. 274 (same). In other words, Section 109(e) does not create a jurisdictional basis to "get around" Section 1330(a).[6]

Therefore, Creditors cannot use grounds other than fraud to obtain revocation of the Confirmation Order, nor can they evade the 180–day bar in Section 1330(a) by using Section 105, Section 1307(c), or Rule 60(b)(3). Section 1330 provides the sole basis for revoking the Confirmation Order.

2. *Which claims were made within the 180–day time limit of Section 1330(a)*

■ Creditors' complaint was filed within the 180–day time limit of Section 1330(a). It alleged that Debtor misrepresented her disposable income and assets by concealing a beneficial interest she retained in the Aldea Property and $700.00 of monthly income from that property.

Therefore, those claims are not time barred.

In contrast, the allegations in Creditors' proposed amended complaint were not presented until after the 180–day period of Section 1330(a). Any new claims can only be asserted if they relate back to those matters which were timely asserted within the 180–day period. Creditors make no argument for relation back, so that issue is waived.

In any event, while our own review suggests that relation back, *vel non*, is a close call, we are not convinced that the bankruptcy court abused its discretion by denying leave to amend where relation back was not argued. Relation back is governed by Fed.R.Civ.P. 15(c) (incorporated by Fed. R. Bankr.P. 7015):

(c) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

---

**6.** The bankruptcy court ruled that any misrepresentation by Debtor is immaterial under Section 109(e), because the Aldea Debt is either a secured claim or a contingent unsecured claim, and therefore Debtor did not exceed the $290,525.00 limit on "noncontingent, liquidated, unsecured debts." 11 U.S.C. § 109(e). There is insufficient evidence in the excerpts of record to support this ruling.

First, the Aldea Debt has not been shown to be a secured claim. Debtor quitclaimed the Aldea Property to her daughter pre-petition, so the Aldea Debt apparently is not "secured by a lien on property *in which the estate has an interest*." 11 U.S.C. § 506(a) (emphasis added). *See In re Tomlinson*, 116 B.R. 80, 80–82 (Bankr.E.D.Mich.1990); *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 983–84 (9th Cir.2001); T.A. Thomas, Annotation, *Classification of Debt as Liquidated, Unsecured, or Contingent, for Purposes of Determining Debtor's Eligibility, Under § 109(e) of 1978 Bankruptcy Code (11 U.S.C.A. § 109(e)), for Chapter 13 Proceeding*, 95 A.L.R. Fed. 793,

§ 16, 1989 WL 571855 (1989). *But see In re Gorman*, 58 B.R. 372, 373–74 (Bankr. E.D.N.Y.1986).

Second, the Aldea Debt has not been shown to be contingent. A contingent liability for bankruptcy purposes is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." *Fostvedt v. Dow (In re Fostvedt)*, 823 F.2d 305, 306–07 (9th Cir.1987) (citations and quotation marks omitted). It is possible that the creditor holding the Aldea Debt could elect non-judicial foreclosure and thereby waive any deficiency claim against Debtor, but we are not aware of any authority that this possibility makes the debt itself contingent for bankruptcy purposes. *See Tomlinson*, 116 B.R. 80. *But cf. Pacific Valley Bank v. Schwenke*, 189 Cal.App.3d 134, 140, 234 Cal.Rptr. 298 (1987) (describing deficiency obligation as "conditional" under California law).

(2) the claim or defense asserted in the amended pleading *arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,* or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and [other conditions are satisfied].

Fed.R.Civ.P. 15(c) (emphasis added).

 In determining whether the claim asserted in the proposed amended complaint arises out of the "conduct, transaction, or occurrence" pled in the complaint,

the emphasis is not on the legal theory of the action, but whether the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim, is identifiable with the original claim. Where an amended

pleading seeks only to add new claims to an original pleading, the ... court should analyze the two pleadings to determine whether they share a common core of operative facts sufficient to impart fair notice of the transaction, occurrence, or conduct called into question.

*Federal Deposit Ins. Corp. v. Jackson,* 133 F.3d 694, 702 (9th Cir.1998) (internal citations and quotations omitted).

In the complaint the alleged conduct, transaction, or occurrence was that Debtor hid assets and income. In the proposed amended complaint it was that Debtor hid debt. Creditors have not argued how the two pleadings share a common core of operative facts. Nor have Creditors argued how the facts alleged in the complaint would impart fair notice of the transaction, occurrence, or conduct called into question in the proposed amended complaint. *Jackson,* 133 F.3d at 702.[7]

---

7. The complaint does mention the Aldea Debt in passing, but only in the context of alleging hidden assets and income. The complaint's first claim seeks revocation of the Confirmation Order based on a violation of the best interests of creditors test in Section 1325(a)(4). The complaint alleges (¶ 13) that Debtor "made a materially false representations [sic] regarding her Section 1325(a)(4) compliance by omitting any mention of her beneficial ownership interest in [the Aldea Property]." The complaint further alleges (¶ 15) that such interest "would be liquidated" in a Chapter 7 case, and that creditors would receive more in that event than they will receive through Debtor's Chapter 13 plan (¶¶ 14 and 15). Mixed in with these allegations, the complaint alleges in passing (¶ 13) that Debtor has not disclosed "her obligation under the First Deed of Trust secured by [the Aldea] [P]roperty." The complaint does not suggest how this is relevant to the best interests of creditors test.

The complaint's second claim seeks revocation of the Confirmation Order for failure to devote all projected disposable income to payment of creditors. The complaint alleges (¶ 24) that Debtor "has misrepresented the

amount of his [sic] monthly disposable income by at least $700.00" and (¶ 25) that her plan therefore "does not provide that all of Debtor's projected disposable income be applied to make payments" thereunder, as required by Section 1325(b)(1)(B). The complaint alleges (¶ 21), again in passing, that Debtor "owes an undisclosed obligation to the First Deed of Trust Holder on the [Aldea Property] which Debtor is paying through collusion, manipulation and concealment of her actual income and her actual expenses." The complaint does not explain how the Aldea Debt would be relevant to show hidden income.

In contrast, the concealment of the Aldea Debt is the core operative fact in the proposed amended complaint. Creditors allege (¶ 19) that Debtor is "obligated to pay unsecured debts in excess of the debt limit established by 11 U.S.C. § 109(e)" and (¶ 24) that Debtor misrepresented "her level of debt by omitting her unsecured obligations to pay the First and Second Trust Deed holders on the Aldea [ ][P]roperty, to ... deceive this [bankruptcy] Court, by concealing that she was not eligible for chapter 13 ...."

In this context, it is not clear that the two pleadings share a common core of operative

For these reason, we cannot say that the bankruptcy court abused its discretion in denying Creditors leave to amend the complaint to assert that Debtor was ineligible under Section 109(e). Absent such leave to amend, the only timely claims under Section 1330(a) are those raised in the complaint: that Debtor hid assets and income. We now consider whether those claims are barred by res judicata.

3. *Res judicata bars relief based on Debtor's alleged non-disclosure of the Aldea Property and $700.00 of income*

As noted above, Sections 1327(a) and 1330(a) reflect a strong policy of finality, applying res judicata to confirmation orders. *See Ivory,* 70 F.3d 73. Creditors do not appear to dispute that "[w]here a creditor *knows* of a basis for challenging confirmation and fails to object, the creditor cannot be permitted to use that basis to claim fraud under [Section] 1330 after confirmation." *Midlantic Nat'l Bank v. Kouterick (In re Kouterick),* 161 B.R. 755, 760 (Bankr.D.N.J.1993) (emphasis added). *See also Bright v. Ritacco (In re Ritacco),* 210 B.R. 595 (Bankr.D.Or.1997) (discussing arguments on both sides of issue, and concluding that res judicata barred creditors, who knew of alleged fraud in time to object to confirmation but failed to object, from seeking revocation); *Patton v. U.S. Dept. of Education (In re Patton),* 261 B.R. 44 (Bankr.E.D.Wash.2001) (res judicata barred revocation based on alleged fraud known prior to confirmation).

▮ Moreover, we agree with the bankruptcy court that res judicata is not limited to those issues actually known to creditors prior to confirmation. A Chapter 13 plan "is res judicata as to all issues that *could have or should have been litigated* at the confirmation hearing." *Great Lakes Higher Educ. Corp. v. Pardee,* 193 F.3d 1083, 1087 (9th Cir.1999) (quoting BAP decision, emphasis added). *Cf. Powers v. Savage (In re Savage),* 202 B.R. 618, 621–622 (9th Cir. BAP 1996) (because Congress provided for modification of Ch. 13 plans under § 1329(a), res judicata does not prevent request for such modification based on post-confirmation change in circumstances, even if such change could have been anticipated pre-confirmation).

▮ An issue "could have" been litigated at the confirmation hearing if a party in interest had the opportunity to investigate and litigate it and the debtor did not prevent it from being litigated by fraud, misrepresentation or concealment. *See* Wright, Miller & Cooper, *Fed. Practice and Procedure: Jurisdiction 2d* § 4415 at nn. 17–21 (2002) ("Wright, Miller & Cooper"). On the other hand, if a debtor successfully concealed fraud pre-confirmation, then the debtor usually will be estopped to assert res judicata in any post-confirmation proceedings. *Id. See also U.S. v. Edmonston,* 99 B.R. 995, 998–99 (E.D.Cal.1989) (post-confirmation challenge to Chapter 13 eligibility "is precluded by the doctrine of res judicata *unless* there is a showing of fraud by the debtor") (emphasis added).

▮ Creditors have alleged that Debtor concealed a beneficial interest in the Aldea Property and $700.00 of monthly income from that property by omitting

facts. We also question whether the passing references to the Aldea Debt in the complaint imparted fair notice to Debtor of the transaction, occurrence, or conduct at issue in the proposed amended complaint. *See generally* Wright, Miller & Kane, *Fed. Practice and Pro-*

*cedure: Civil 2d* § 1497 at n. 22—24 (1990) (concluding, "A failure of notice will prevent relation back"); Fed.R.Civ.P. 9(b) (incorporated by Fed. R. Bankr.P. 7009) (allegations of fraud must be pleaded "with particularity").

these items from her schedules. Nevertheless, "a litigant should not readily trust an adversary" and exceptions to res judicata "should be applied carefully." Wright, Miller & Cooper § 4415, text accompanying n. 19. As the bankruptcy court observed, Debtor's Schedule I disclosed $700.00 of monthly "[i]ncome from [unspecified] real property." This should have alerted Creditors that Debtor claimed some interest in real property and some income from it, notwithstanding her disclaimer of any interest in real property in her Schedule A, or allegedly at the meeting of creditors pursuant to Section 341(a), or on any other occasion. The apparent contradiction in Debtor's sworn statements was not a successful concealment but a reason to investigate, and it is no excuse that Creditors may have assumed that the real property at issue was a muffler business rather than the Aldea Property. Having failed to investigate these matters and object prior to entry of the Confirmation Order, Creditors were barred from raising the same matters post-confirmation in an effort to revoke that order.

We emphasize the narrowness of our holding. First, we do not condone any attempt by Debtor to conceal her assets or income. *See generally Cho Hung Bank v. Kim (In re Kim)*, 163 B.R. 157, 159 (9th Cir.BAP1994) (noting general policy "that the discharge provisions are only intended to provide a fresh start for the honest but unfortunate debtor"). Parties in interest are not required independently to verify every sworn statement merely because a debtor is generally untrustworthy or appears to have lied on unrelated issues. Such a rule would reward dishonest debtors and undermine the reliability of all bankruptcy schedules and statements under oath. Creditors are entitled to rely on a debtor's uncontradicted sworn statements, and in this case it is only because

Debtor's bankruptcy schedules A and I obviously appeared to be inconsistent with each other that res judicata applies despite Debtor's (alleged) attempts to obtain confirmation by fraud by concealing her true property ownership and income. *Accord AT & T Universal Card Svcs. Corp. v. Duplante (In re Duplante)*, 215 B.R. 444, 447 n. 8 (9th Cir. BAP 1997) (creditors not required to "ferret out" inaccuracies in a debtor's sworn bankruptcy schedules).

Second, applying exactly the same principles we have just outlined, res judicata will not necessarily defeat a future motion to convert or dismiss Debtor's bankruptcy case under Section 1307(c) based on pre-confirmation matters, where the debtor's own conduct (such as concealment) would amount to estoppel to bar that defense. We address this issue because there is some ambiguity whether the bankruptcy court intended to dismiss the complaint with prejudice as to any future motion to convert or dismiss, Creditors claim that there is cause to convert or dismiss based on Debtor's alleged concealment of the Aldea Debt and ineligibility for Chapter 13 relief, and there is no 180–day time limit stated in Section 1307(c). *See Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir.1999) (list in Section 1307(c) of possible causes to convert or dismiss is not exhaustive, and includes bad faith filing).

From the excerpts of record before us, we are not aware of anything pre-confirmation that contradicted Debtor's sworn statements that the Aldea Debt had been paid through escrow. It is true that Creditors had notice of $700.00 of income from real property and they chose not to investigate whether the source of that income was a muffler business (as they originally believed) or the Aldea Property (as they now believe) or some other property. They took the risk of not knowing that information, but Creditors were entitled to

**152**

rely on Debtor's uncontradicted statement that (whatever property she did or did not own) she was no longer obligated on the Aldea Debt. *See Mercantile Holdings, Inc. v. Dobkin (In re Dobkin)*, 12 B.R. 934, 936 (Bankr.N.D.Ill.1981) (denying relief under § 1330(a) due to expiration of 180–day period, but dismissing Chapter 13 case under § 1307(c) where debtors admitted their ineligibility, stating that court "will not allow debtors to accomplish by craft or artifice what they could not honestly accomplish, i.e. the liberal discharge of their debts provided by Chapter 13"). *Cf. Edmonston*, 99 B.R. at 998 (no relief under § 1307(c) where "noncompliance with the requirements of Chapter 13 is evident from the face of the petition and the creditors could have opposed the confirmation of the plan at the hearing"); *In re Jarvis*, 78 B.R. 288 (Bankr.D.Or.1987) (res judicata barred post-confirmation motion to dismiss based on Chapter 13 debtor's alleged lack of eligibility under § 109(e)); *Ritacco*, 210 B.R. at 597–98 & n. 6 (following *Jarvis*).

We hasten to add that the Section 1307(c) issues were not fully developed before the bankruptcy court and we might not have all the relevant facts. Our comments are simply intended to avoid any implication that res judicata, *per se*, bars relief under Section 1307(c).

## V. CONCLUSION

Creditors' complaint alleged that Debtor concealed a beneficial interest in the Aldea Property and $700.00 per month of income. Debtor's Schedule I, however, listed $700.00 per month in income from real property. Creditors had sufficient notice that they should have investigated and raised their allegations as part of their objections to confirmation of Debtor's Chapter 13 plan, and therefore res judicata bars the claims alleged in the complaint.

Creditors' proposed amended complaint alleges that the Aldea Debt made Debtor ineligible for Chapter 13, and that Debtor has concealed this fact in bad faith. Creditors did not argue that they raised this claim within the 180–day time limit of Section 1330(a) or how it would relate back to issues raised within that time limit. They cannot evade that time limit, or seek to revoke the Confirmation Order based on bad faith, by citing Section 105(a), Section 1307(c), or Rule 60(b)(3).

Creditors have suggested no possible grounds for relief under Section 1330(a) that would not be barred under the above analysis. Therefore, the bankruptcy court properly dismissed the complaint with prejudice. That order is AFFIRMED, without prejudice to any motion that Creditors may make to convert or dismiss under Section 1307, and any opposition that Debtor may assert thereto.