MEMORANDUM **
Ben F. Bareus appeals from the district court’s decision to affirm a denial of his motion to dismiss Mark Schneider’s Chapter 13 Bankruptcy plan. We affirm.
Bareus moved to dismiss Schneider’s Chapter 13 plan on the ground that Schneider committed perjury by testifying that a letter, which purportedly was signed by Schneider’s father and confirmed an alleged loan between the two, was genuine. A handwriting expert obtained by Bareus later determined that the signature was forged.
The timing of events is determinative of our disposition. The order confirming Schneider’s amended Chapter 13 plan was entered April 11, 2001. On November 5, 2001, the handwriting expert declared in writing that the signature on the letter was forged. A full year later, on November 6, 2002, Bareus filed a motion to dismiss the Chapter 13 plan.
The central issue is whether the 180-day limit for requesting revocation of an order of confirmation procured by fraud, 11 U.S.C. § 1330(a), bars Barcus’s motion to dismiss. Bareus argues that 11 U.S.C. § 1330(a) does not apply because he requested dismissal, not revocation. His argument is unpersuasive. The Bankruptcy Code establishes the usual relationship between revocation and dismissal. If the court revokes an order of confirmation that was procured by fraud, the court may then dismiss the case. 11 U.S.C. § 1330(a); 11 U.S.C. § 1307(c)(7). Bareus seeks to bypass revocation, which is time-barred, and jump to dismissal. We decline to circumvent the Bankruptcy Code’s procedures for addressing fraudulent procurement of a Chapter 13 confirmation, especially when doing so would fly in the face of an express time limitation. The 180-day limit for filing a request for revocation of a Chapter 13 plan, 11 U.S.C. § 1330(a), bars Barcus’s motion to dismiss, which was filed approximately a year after the 180 days had run.
The district court did not err in declining to fashion equitable relief that is inconsistent with the time limitation contained in 11 U.S.C. § 1330(a). Together, the strong policy of finality applied to confirmation orders, In re Valenti, 310 B.R. 138, 145 (B.A.P. 9th Cir.2004), and the unexplained and lengthy delay — over a year from the time the forgery became known — tip the equities against Bareus.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.