In re Peter E. KELLY and Roxanne A. Kelly, Debtors.

No. 9:02–bk–20250–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Dec. 7, 2006.

444

Carmen Dellutri, Ft. Myers, FL, for Debtors.

***ORDER ON UNITED STATES TRUS- TEE'S MOTION TO CONVERT CHAPTER 13 CASE TO CHAPTER 7 FOR ADMINISTRATION OF UN- DISCLOSED ASSETS*** (Doc. No. 107)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this confirmed, consummated, and closed—

now reopened—Chapter 13 case of Peter Kelly and Roxanne Kelly (Debtors), is the United States Trustee's Motion To Convert Chapter 13 Case To Chapter 7 For Administration Of Undisclosed Assets (Doc. No. 107), filed on June 27, 2006. The United States Trustee (Trustee) has alleged that the Debtors knowingly concealed the existence of Debtor Roxanne Kelly's one-third interest in the probate estate of Rose Albarino, her late mother. The Trustee contends that because the Debtors knowingly concealed Mrs. Kelly's interest in her mother's probate estate and failed to schedule that interest, the concealed property did not vest in the Debtors at the conclusion of their Chapter 13 case, but instead remained property of the estate. The Trustee now seeks to convert the Debtors' case to a case under Chapter 7 for the administration of the assets for the benefit of creditors, who received just over 20% value for their claims under the Debtors' Chapter 13 plan. The Trustee asserts that such a conversion is appropriate based on a careful analysis of Bankruptcy Code Sections 105, 348, 521, 541, 554, 1306, 1307, and 1327.

In opposition, the Debtors contend that under Section 1327, all property of the estate vested in them at the close of the Chapter 13 case as a matter of course and pursuant to the Chapter 13 Plan, and therefore no assets remain in the bankruptcy estate to be distributed. The Debtors further contend that there is no legal basis for the trustee to reopen and administer a confirmed and completed and closed Chapter 13 case beyond the 180–day limit imposed by Section 1330(a) of the Code.

The following facts as appear from the record are relevant to resolution of the matter before the Court. The probate

estate of Rose Albarino was created on January 31, 2002, in the Surrogate's Court of the State of New York, Westchester County (Probate Court). Debtor Roxanne Kelly was an active participant in the probate case, filing an Objection to the Appointment of Executors on March 18, 2002, and a "Notice of Claims Against the Estate" on August 26, 2002. Less than two months later, the Debtors filed their voluntary petition under Chapter 13 of the Bankruptcy Code on October 15, 2002. On September 29, 2003, the Court entered a corrected Order confirming the Debtors' Chapter 13 Plan. The Debtors completed their performance under the Plan, and a Discharge Order was entered on September 30, 2004. On June 12, 2005, the Court entered a Final Decree closing the case.

On June 14, 2006, after learning of the Debtors' interest in the probate estate, the Trustee moved to reopen the case for the administration of any and all undisclosed assets and/or other recoverable assets. An Order granting the Motion to Reopen the case was entered by this Court on June 21, 2006. On June 27, 2006, the Trustee filed the Motion to Convert the Case to a Chapter 7. In due course the Debtors filed their response in opposition to the Trustee's Motion and a preliminary hearing was held on July 20, 2006.

█ The issue facing the Court in this confirmed, consummated, and completed Chapter 13 case is whether a Chapter 13 case may be converted to a Chapter 7 case for cause, where all payments have been made under the plan, a discharge has been granted, and the case has been closed for over a year. In essence, this case presents a conflict involving two important policies of the Code: the desire to limit bankruptcy relief to the honest but unfortunate debtor and the need for finality and a reliable end to litigation in Chapter 13 cases. The Court having heard the argu-ments of counsel at the hearing and through their submissions of post-hearing memoranda of law, and after reviewing the appropriate legal authority now concludes as follows.

█ It is well established that a primary purpose of the Bankruptcy Code is to give the debtor a "new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt," *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). At the same time however, a debtor's discharge should not be used as a means to improperly evade the debtor's obligations to creditors; the fresh start policy of the Code is appropriately limited to the "honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

█ Pursuant to 11 U.S.C. § 1307(c), a case may be converted to a case under Chapter 7 or dismissed "for cause." This Section lists numerous examples of what may constitute "cause" for purposes of conversion or dismissal. The list is not exclusive; in addition to the examples listed in subsection (c), cause can include the failure to make accurate disclosure in the schedules or the statement of financial affairs, *see In re Buis*, 337 B.R. 243, 251 (Bankr.N.D.Fla.2006), making fraudulent representations to the court, or unfair manipulation of the Bankruptcy Code. *In re Johnson*, 228 B.R. 663, 668 (Bankr.N.D.Ill. 1999). Filing a Petition in bad faith has frequently been grounds for conversion or dismissal as well. *See* Colliers 1330.04, 15th ed. Rev. (2006) and citations therein. There is no time bar to conversion or dismissal under Section 1307(c), unlike the relief provided in Sections 1330 and 1328. The provisions of Section 1307(c) which are relevant to a case in which a plan has been confirmed are the following:

(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;

(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

It is evident that subsections (c)(6) and (c)(8) are not applicable, which leaves subsection (c)(7) as the only available basis for a conversion in this case.

Notwithstanding the time bar in Section 1330, a conversion where there has been no revocation of plan confirmation and the debtors have fully completed the plan payments and received their discharge presents considerable difficulties. The most significant obstacle is the effect of Section 1327, which effectively limits the Debtors' creditors to relief provided for under the plan, if any, and vests all property of the estate in the Debtors upon confirmation.

■ Bankruptcy Code Section 1327 provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

As noted previously, the Debtors plan was confirmed on September 24, 2003, payments were completed, and a Discharge Order was entered on September 30, 2004. Absent a default under the plan or a revocation of the confirmation order, the former creditors are without recourse against the Debtors or the Debtors' property because they are bound by the terms of the plan. As a result, there are no existing creditors remaining to whom the assets may be distributed. Likewise, subsection (b), by its plain language dictates that *all* property of the estate vests in the Debtors upon confirmation, and subsection (c) guarantees that property which vested in the Debtors upon confirmation is no longer part of the estate; it is therefore not available for administration.

The Trustee bases her argument that the Debtors' undisclosed assets may be recovered for the benefit of creditors on Section 554(d), which provides that "[u]nless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." 11 U.S.C. § 554(d)(2000). This section has commonly been interpreted to allow for the administration of assets not disclosed in a debtor's schedules that are later discovered after the case is closed. In such cases, the Trustee is able to reach the hidden assets and administer them for the benefit of creditors by relying on Section 554(d) in combination with Section 350, which allows a closed case to be reopened, inter alia, to administer assets of the estate.

■ Section 554 applies to both Chapter 7 and Chapter 13 cases. 11 U.S.C. § 103(a) (2000). However, to the extent Section 554(d) is in conflict with Section 1327, the more specific section of Chapter 13 should govern. *See In re Thompson*, 344 B.R. 461, 464 (Bankr.W.D.Va.

2004)("While section 554 is generally applicable to proceedings under Chapters 7, 11, 12, and 13 of the Bankruptcy Code, ... it is subject to the specific provision of 11 U.S.C. § 1327(b)") (citations omitted). *See also In re Nobleman*, 968 F.2d 483, 488 (5th Cir.1992)("If two statutes conflict, a generally accepted tenet of statutory construction is that the general language of a statute does not 'prevail over matters specifically dealt with in another part of the same enactment.' ") (citations omitted). It is axiomatic that when the words of a statute are unambiguous, a statute should be interpreted according to its plain language. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir.2001). Congress was capable of writing Section 1327(b) to vest "all administered" or "all scheduled" property in the Debtor, or simply including the language "subject to section 554" in the subsection. Congress' decision instead to vest "all property of the estate" in the debtor is in alignment with the purpose behind Chapter 13. Chapter 13 is designed to allow the repayment of debts from a debtor's future income, not by liquidating a debtor's property as is done in a Chapter 7 case. Thus, Chapter 13 allows the debtor to retain all property of the estate and vests that property in the debtor upon confirmation of a plan. 11 U.S.C. § 1327(b). See *In re Frausto*, 259 B.R. 201, 217 (Bankr.N.D.Ala.2000)("No provision of the Bankruptcy Code provides for the negation of the effect of section 1327 as to property owned by a debtor but not disclosed.").

Once a Confirmation Order has been entered, the only basis for its revocation is a finding by the Court that the Order was procured by fraud. 11 U.S.C. § 1330(a). Specifically, Section 1330 provides:

(a) On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

(b) If the court revokes confirmation under subsection (a) of this section, the court shall dispose of the case under section 1307 of this title, unless, within the time fixed by the court, the debtor proposes and the court confirms a modification of the plan under section 1329 of this title.

The Order confirming the Debtors' plan was entered on September 24, 2003. Clearly the time for revocation of the Order of Confirmation has passed. Thus, the most direct means provided by the Code for dealing with the alleged conduct is barred by the time limit in Bankruptcy Code Section 1330(a). The inflexibility of the time limit in Section 1330 has been firmly established, pursuant to the intent of Congress to promote finality and reliance on plan confirmation. *See* Colliers 1330.01[2], 15th ed. Rev. (2006); *In re Jones*, 134 B.R. 274, 278–79 (N.D.Ill.1991). *See also* Fed. R. Bankr.P. 9024 (incorporating Fed.R.Civ.P. 60, relief from judgments for mistake, new evidence, fraud, etc, but specifically limiting its application to revocation of an order confirming a plan; a complaint to revoke may be filed only within the time allowed by Sections 1144, 1230, and 1330).

■ The Trustee has also suggested Section 105 of the Code as a basis for allowing conversion in this case. Section 105 allows the court to enter such orders as are necessary to carry out the provisions of the Code. 11 U.S.C. § 105. The Court's equitable authority under Section 105 is frequently used to redress fraud on the court; however, it should not be used

to contravene a specific provision of the Code. *In re Pirsig Farms, Inc.,* 46 B.R. 237, 240 (D.Minn.1985). The Code provides specific remedies for dealing with a Chapter 13 debtor's fraud, which include the revocation of plan confirmation and the revocation of discharge. Time limits for invoking these remedies have been clearly established and cannot be expanded in contravention of the plain language of the Code. Indeed, were the Court to use its inherent powers to order the conversion for administration of fraudulently concealed assets in this case, the time limit in Section 1330 would be rendered meaningless.

The notion that the Debtors' fraudulent conduct, which may be grounds for criminal sanctions, cannot be redressed in the manner the Trustee desires under the Bankruptcy Code is disturbing and regrettable. Nonetheless, the Trustee's reliance on Sections 105, 554, 1307, and 1327 for the relief sought is not supported by law. *See In re Valenti,* 310 B.R. 138, 141 (9th Cir.BAP2004) "We reject Creditor's attempts to get around Section 1330(a) by alleging bad faith and by invoking Section 105(a), Section 1307(c), and Fed.R.Civ.P. 60 (incorporated by Rule 9024), which have no 180 day time limit." *In re Thompson,* 344 B.R. 461 (Bankr.W.D.Va.2004)(denying motion to reopen confirmed and completed Chapter 13 case to administer assets in part because proceeds of unscheduled cause of action could not be distributed to creditors outside the five-year term of the plan). Therefore that relief must be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED, the Motion by the United States Trustee to Convert the Debtors' Chapter 13 Case to Chapter 7 for the Administration of Undisclosed Assets, (Doc. No. 107)

be, and the same is hereby, denied with prejudice.