NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0009n.06

Case Nos. 17-1688/17-1691

**FILED**
Jan 05, 2018
DEBORAH S. HUNT, Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: TIMOTHY M. JODWAY, | ) | |
| | ) | |
| Debtor. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ──────────────────────────── | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| TIMOTHY M. JODWAY; ALAINA | ) | |
| ZANKE-JODWAY, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIFTH THIRD BANK, Servicer for Fifth | ) | |
| Third Mortgage Company, | ) | |
| | ) | |
| Appellee. | ) | |

BEFORE: MOORE, THAPAR, and LARSEN, Circuit Judges.

THAPAR, Circuit Judge. Many people dream of having a lakefront home. Timothy Jodway and his wife, Alaina, were no different. So they took out a mortgage loan from Fifth Third Bank and purchased a home on Lake Charlevoix in Boyne City, Michigan. But things did not go as planned. Money became tight, and Timothy Jodway eventually had to file for bankruptcy. And as part of his Chapter 13 repayment plan, Jodway agreed to surrender the Boyne City property and make monthly deficiency payments to Fifth Third.

Then Jodway threw Fifth Third a curveball. Instead of surrendering his Boyne City home, he began to fight Fifth Third's foreclosure in state court. He also stopped making deficiency payments. Since these were material defaults under his Chapter 13 plan, the bankruptcy court dismissed his case. The district court affirmed that decision. Jodway now appeals.

I.

Jodway does not dispute that he was over forty-thousand dollars behind on his deficiency payments at the time of dismissal. Nor does he dispute that his failure to make deficiency payments was a material default under his plan. *See* 11 U.S.C. § 1307(c)(6) (providing for dismissal of a debtor's Chapter 13 case for "material default by the debtor with respect to a term of a confirmed plan"). Instead, he raises several other arguments, none of which merits setting aside the bankruptcy court's order.

*Jodway's Proposed Plan Modification.* Jodway argues that, rather than dismiss his case, the bankruptcy court should have let him modify his plan to decrease his deficiency payments. *See* 11 U.S.C. § 1329 (providing for post-confirmation modification of Chapter 13 plans). The bankruptcy court was open to his request, but it gave him a choice: If Jodway would agree to surrender the Boyne City property—as his plan had required all along—the court would consider his proposed deficiency-payment modification. If not, the court would dismiss his case. Jodway refused to surrender. So the court made good on its word and dismissed.

It was within the bankruptcy court's discretion to reject Jodway's proposed modification. *See In re Brown*, 219 B.R. 191, 192 (B.A.P. 6th Cir. 1998) ("Modification under § 1329 is discretionary."). As the bankruptcy court recognized, Jodway's proposed modification was futile. Since his plan required him to make deficiency payments *and* surrender the property,

reducing the payments alone would not have brought him into compliance.[1]  And as the Supreme Court held long ago, a bankruptcy court "is not bound to clog its docket with visionary or impracticable schemes for resuscitation."  *Tenn. Pub. Co. v. Am. Nat. Bank*, 299 U.S. 18, 22 (1936).  While modification may indeed be desirable where feasible, the court is under no obligation to permit exercises in futility.  *See In re Am. Capital Equip., LLC*, 688 F.3d 145, 162 (3d Cir. 2012) (courts are not "required" to permit modification, "especially where modification would be futile").  Thus, the bankruptcy court did not abuse its discretion in declining to modify the amount of Jodway's deficiency payments.

*Subject-Matter Jurisdiction.*  Jodway next argues that the bankruptcy court lacked jurisdiction under the *Rooker-Feldman* doctrine.  Why?  Because, at the time the bankruptcy court dismissed his case, a Michigan court had stayed Fifth Third's foreclosure of the Boyne City property pending the Jodways' appeal.  Jodway maintains that, in light of this state-court stay, the bankruptcy court lacked jurisdiction to decide whether his failure to surrender the property was a material default under his plan.

This argument misconstrues the relationship between the state and federal proceedings at issue in this case.  The *Rooker-Feldman* doctrine prevents lower federal courts from reviewing and rejecting state-court judgments.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  But the bankruptcy court did nothing of the sort.  It simply found that Jodway had failed to comply with the terms of his confirmed Chapter 13 plan.  The bankruptcy court did not overrule or pass judgment on the state-court stay of foreclosure.  So *Rooker-Feldman* does not apply.

---

[1] Jodway also seems to argue that he had already surrendered the Boyne City property at the time of dismissal. Since he did not raise this argument below, he has forfeited the right to do so on appeal. *See Bailey v. Floyd Cty. Bd. of Educ.*, 106 F.3d 135, 143 (6th Cir. 1997).

*Due Process.* Jodway next argues that the bankruptcy court violated his due-process rights. Jodway claims that it was improper for the bankruptcy court to consider his failure to surrender the house, since Fifth Third did not raise the issue in its motion to dismiss. The problem with this argument is that Jodway never raised it before—either in the bankruptcy or district court. Jodway previously advanced other due-process arguments, but he never raised this one. So he has forfeited the right to do so on appeal. *See Bailey*, 106 F.3d at 143.

*The Validity of the Jodways' Mortgage.* Lastly, Jodway claims his mortgage agreement with Fifth Third was invalid. The Jodways have raised (or had an opportunity to raise) this argument on three prior occasions. *See* R. 4, Pg. ID 519–20, 537 (district court order dismissing Jodways' first suit against Fifth Third for lack of prosecution); *id*. at Pg. ID 1249–50 (bankruptcy court order dismissing Jodways' adversary proceeding against Fifth Third); *id*. at Pg. ID 608–09 (bankruptcy court order denying Jodways' motion to reopen adversary proceeding). And when they tried to raise it again here, both the bankruptcy court and the district court held that res judicata bars their attempt to re-litigate the issue.

We agree. The elements of res judicata are easily satisfied here. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009) (holding that dismissal for lack of prosecution constitutes a "decision on the merits" for purposes of res judicata). Perhaps recognizing as much, Jodway claims that the wrongful-concealment exception to res judicata should apply. But that exception operates only where the aggrieved party can show that his adversary engaged in "[a]ffirmative concealment." *Browning v. Levy*, 283 F.3d 761, 770 (6th Cir. 2002) (alteration in original) (internal quotation marks and citation omitted). And the document the Jodways contend was affirmatively concealed—Loan Application No. 3—was *signed by* Timothy Jodway. Thus, the contents of Loan Application No. 3 were known to Jodway from the

beginning. This precludes him from arguing that wrongful concealment prevented him from bringing his mortgage-invalidity claim. *See id.* at 770 (wrongful-concealment exception did not apply when purportedly concealed fact "would have been known" to the aggrieved party through his "first-hand experience").

## II.

In addition to Timothy Jodway's appeal from the dismissal of his case, both Jodways appeal from the denial of their pre-dismissal motion to revoke his confirmed Chapter 13 plan. The bankruptcy court denied that motion as untimely, and the district court affirmed.

The Bankruptcy Code allows revocation of a confirmation order in limited circumstances. After the entry of an order, the court may revoke the order only if it was "procured by fraud." 11 U.S.C. § 1330(a). And the court may do so for only 180 days after entering the order—even if "the fraud is not discovered until the period has passed." *In re Valenti*, 310 B.R. 138, 145 (B.A.P. 9th Cir. 2004) (quotation marks and citation omitted); *see* 3 *Bankruptcy Desk Guide* § 31:76, Westlaw (database updated Aug. 2017) ("A complaint to revoke confirmation cannot be brought after expiration of the 180-day time limit, even if confirmation was obtained by fraud and the fraud was concealed until then." (footnotes omitted)).

Here, the Jodways' motion for revocation was more than seven months late. The Jodways stress that they did not learn of Fifth Third's alleged fraud until after the 180-day period expired, but that cannot excuse their tardiness. 11 U.S.C. § 1330(a); *see Valenti*, 310 B.R. at 145. The Jodways' challenge to the court's denial of revocation thus fails.

## III.

In its brief, Fifth Third requests sanctions because it claims that Jodway's appeal is frivolous. To request sanctions, however, a party must file a separate motion. *See* Fed. R. App.

P. 38 & advisory committee's note to 1994 amendment ("A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice."). And though Rule 38 allows the court to award sanctions on its own accord after notice and an opportunity to respond, *see McDonough v. Royal Caribbean Cruises, Ltd.*, 48 F.3d 256, 258 (7th Cir. 1995), we decline to do so given the cursory nature of Fifth Third's request.

***

We **AFFIRM** the judgments of the district court affirming the bankruptcy court's dismissal of Timothy Jodway's bankruptcy proceedings and denial of the Jodways' motion for revocation.